**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ISMAEL DIAZ MENDOZA, Petitioner,** | : | **No. 3:26cv1859** |
| | : | **(Judge Munley)** |
| **v.** | : | |
| **ATTORNEY GENERAL OF THE U.S.; J. SAGE, Warden of FCI Lewisburg Penitentiary, Respondents.** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM ORDER

Before the court is the pro se petition for writ of habeas corpus filed by Petitioner Ismael Diaz Mendoza, pursuant to 28 U.S.C. § 2241.[1] (Doc. 1). Mendoza challenges his present detention at FCI-Lewisburg by Immigration and Customs Enforcement ("ICE") and the Department of Homeland Security ("DHS"). Id. at 1. He seeks immediate release. Id. at 7. For the reasons set forth below, the petition will be granted in part. Under the law, petitioner is entitled to a bond hearing. One will be ordered to be held within 14 days.

---

[1] Federal district courts are authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Mendoza filed the instant petition while detained at FCI Lewisburg. (Doc. 1 at 1). Petitioner asserts that his continued detention violates a barrage of constitutional amendments and federal statutes. (See generally id.). Thus, the court has habeas jurisdiction over the petition. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

**Background**

Mendoza is a native and citizen of El Salvador. (Doc. 5-2 at 3). He entered the United States "at a place not designated as a port of entry." Id. He alleges to have resided continuously in the United States for nineteen years. (Doc. 1 at 1). "On March 24, 2023, the Long Island Criminal Alien Program encountered [Mendoza] at the Nassau County Correctional Center in East Meadow, NY." (Doc. 5-2 at 3). He has been identified by ICE as a member of the criminal gang MS-13. Id. at 2. On May 23, 2023, he was charged with violating 8 U.S.C. § 1182(a)(6)(A)(i), for being an alien present without admission or parole. Id. On February 27, 2024, Mendoza pleaded guilty to conspiracy to distribute and possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(D). (Doc. 5-4 at 2). He was sentenced to time served and subsequently taken into ICE custody. Id. at 3; Doc. 5-5 at 4.

On September 23, 2024, an immigration judge ordered Mendoza removed to El Salvador. (Doc. 5-6 at 2, 4). "He appealed that decision to the BIA. The appeal was denied and he later sought to re-open the appeal, which was also denied." (Doc. 5 at 55). On August 20, 2025, the Third Circuit Court of Appeals granted Mendoza's petition to stay removal while it reviewed the IJ's order. Id.; Doc. 5-8 at 2.

Mendoza has been in ICE custody for approximately 29 months. He has not been provided with a bond hearing. (Cf. Doc. 1 at 2). Because the Third Circuit stayed Mendoza's order of removal, that order is not administratively final. 8 U.S.C. § 1231(a)(1)(B)(ii). And so, Mendoza's detention is pursuant to § 1226(c)(1)(A), which requires the Attorney General to take an alien into custody "when the alien is released . . . on . . . supervised release" after "having committed any offense covered in [8 U.S.C. § 1182(a)(2)]." That statute—Section 1182(a)(2)—covers violations, or conspiracies to violate, any law of the United States "relating to a controlled substance." § 1182(a)(2)(A)(i)(II). Mendoza was taken into custody after being released on supervised release for his conviction for conspiracy to distribute and possession with intent to distribute marijuana, which is a controlled substance. 21 U.S.C. §§ 802(6), 812(c) (Schedule I).

Section 1226(c) is a mandatory detention statute. 8 U.S.C. § 1226(c)(1). It does not limit the length of the detention it authorizes, Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), but "a petitioner may still bring an as-applied constitutional challenge alleging that his continued detention has become unconstitutional under the Due Process Clause of the Fifth Amendment." Ibrahim v. Superintendent of Miami Corr. Facility, 821 F. Supp. 3d 490, 496 (M.D. Pa. 2026) (Wilson, J.) (citing German Santos v. Warden Pike Cnty. Corr. Facility,

965 F.3d 203, 208–09 (3d Cir. 2020)). In such as-applied challenges, "when detention becomes unreasonable, the Due Process Clause demands a hearing." German Santos, 965 F.3d at 210 (quoting Diop v. ICE/Homeland Sec., 656 F.3d 221, 233 (3d Cir. 2011)).

"Reasonableness is a 'highly fact-specific' inquiry." Id. (quoting Chavez-Alvarez v. Warden York Cnty. Prison, 783 F.3d 469, 474 (3d Cir. 2015)). In this circuit, there is a non-exhaustive list of four factors to consider in assessing whether an alien's detention has grown unreasonable: 1) duration of detention; 2) whether the detention is likely to continue; 3) the reasons for the delay; and 4) whether the conditions of confinement are meaningfully different from criminal confinement. Id. at 211 (citations omitted).

***Duration of Detention*** – Duration of detention is the most important factor. Id. Under the case law, there is no "presumption of reasonableness or unreasonableness of any duration." Id. (citing Chavez-Alvarez, 783 F.3d at 475 n.7; Diop, 656 F.3d at 234). The longer noncitizens are detained under Section 1226(c) without bond hearings, however, "the more likely their detention abridges the liberty secured by the Due Process Clause." Michelin v. Warden Moshannon Valley Corr. Ctr., 169 F.4th 418, 433 (3d Cir. 2026) (citations omitted). In Michelin, the Third Circuit reiterated clearly: "Detention becomes more and more

suspect after five months" for Section 1226(c) detainees. Id. (quoting German Santos, 965 F.3d at 211).

As it stands, Mendoza has been detained by ICE for approximately 29 months without a bond hearing. After nine months, courts in this district generally consider constitutional concerns as beginning to accrue. See Yirenkyi v. Hoover, No. 3:25CV2414, 2026 WL 268230, at *4, and Appx. (M.D. Pa. Feb. 2, 2026) (collecting cases). The duration of Mendoza's custody weighs in favor of relief.

With that said, duration is only one factor and there are no bright lines in the reasonableness analysis. See Chavez-Alvarez, 783 F.3d at 474 n.7. The Fifth Amendment requires a more granular review of the other facts of this case.

***Likelihood of Continued Detention*** – The second German Santos factor considers the likelihood of continued detention. As Mendoza's case was submitted to the Third Circuit in spring 2026, see Mendoza v. Att'y Gen., No. 25-1799 (3d Cir. June 2, 2026), Doc. 41, it is impossible for this court to prognosticate either the outcome of that proceeding or Mendoza's likelihood of future detention. The court considers this factor neutral.

***Reasons for the Delay*** – The third German Santos factor considers the reasons for the delay, "such as a detainee's request for continuances." 965 F.3d at 211 (citing Diop, 656 F.3d at 234; Demore v. Kim, 538 U.S. 510, 531 (2003)).

The court also asks "whether either party made careless or bad-faith 'errors in the proceedings that cause[d] unnecessary delay.'" Id. (quoting Diop, 656 F.3d at 234) (alteration in original). This factor weighs slightly in favor of the government. Mendoza filed several motions for extensions in his Third Circuit proceedings. Mendoza, No. 25-1799 at Docs. 14, 17. The government also filed a motion for a brief extension related to the government shutdown. Id. at Doc. 30.

***Conditions of Confinement*** – The fourth German Santos factor requires a determination of whether "the alien's conditions of confinement are meaningfully different from criminal punishment." Id. at 211 (citation modified). Under the law, "if an alien's civil detention . . . looks penal, that tilts the scales toward finding the detention unreasonable." Id. (citing Chavez-Alvarez, 783 F.3d at 478).

FCI-Lewisburg is a medium security federal prison. Mendoza indicates that federal prisoners there have more privileges than the immigration detainees. (Doc. 1 at 3). He complains of strip searches to and from visitation periods and mold in the cells and showers. Id. Respondents acknowledge that this factor weighs in favor of granting a bond hearing. (Doc. 5 at 62).

***Balancing the Factors*** – On the balance of the non-neutral German Santos factors, the conditions of confinement and duration of detention weigh in favor of granting petitioner relief.

***Form of Relief*** – This determination does not entitle Mendoza to outright release from detention as requested. Rather, because of the violation of his due process rights, the petitioner is entitled to a timely bond hearing before a neutral and impartial IJ. At the bond hearing, the government will bear the burden of justifying petitioner's continued detention by clear and convincing evidence that "must be individualized and support a finding that continued detention is needed to prevent him from fleeing or harming the community." German Santos, 965 F.3d at 213–14.

Consequently, for the reasons set forth above, it is hereby **ORDERED** that:

1) Ismael Diaz Mendoza's petition for writ of habeas corpus, (Doc. 1), is **GRANTED IN PART AND DENIED IN PART**;[2]

2) Mendoza's detention is governed by 8 U.S.C. § 1226(c). However, such detention without a bond hearing has grown unreasonable and violates the petitioner's right to due process of law;

3) The government shall, **within 14 days**, provide Mendoza with an individualized bond hearing before an IJ in accordance with the analysis in the memorandum order;

---

[2] Because the court is granting a remedy under the Due Process Clause, petitioner's Administrative Procedure Act claim is not subject to judicial review. 5 U.S.C. § 704. As petitioner's remaining federal claims (unsafe conditions, conditions of confinement, medical attention, detention standards, negligence) do not challenge "the fact or duration of his physical confinement," Preiser v. Rodriguez, 411 U.S. 475, 498 (1973), they are not properly brought in this petition and are dismissed without prejudice.

4) At that hearing, the government will bear the burden of establishing by clear and convincing evidence that Mendoza's continued detention is necessary because he presents a flight risk or danger to the community if released;

5) On or before **October 9, 2026**, respondents shall file a declaration pursuant to 28 U.S.C. § 1746 confirming that Mendoza has received a bond hearing;

6) The Clerk of Court is directed to enter judgment in accordance with this memorandum order; and

7) The Clerk of Court is directed to close this case.

**Date:** 9/23/26

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**